## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**STEPHEN L. MEININGER, as Chapter 7**
**Trustee of the estate of KATHLEEN STAR**
**GREEN,**

      **Plaintiff,**

v.

**VIKING COLLECTION SERVICES, INC.,**
**an Arizona corporation,**

      **Defendant.**

_____/

**CASE NO.:** _____

**JURY TRIAL DEMANDED**

### COMPLAINT FOR UNLAWFUL DEBT COLLECTION PRACTICES AND TELEPHONE CONSUMER PROTECTION ACT

**COMES NOW** Plaintiff, Stephen L. Meininger, the Chapter 7 Trustee of the bankruptcy estate of Kathleen Star Green, by and through the undersigned law firm, and sues Defendant, Viking Collection Services, Inc., an Arizona corporation, and alleges as follows:

### PRELIMINARY STATEMENT

1. On or about July 9, 2010 (the "Petition Date"), the Debtor, Kathleen Star Green, filed a petition under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code"), currently pending in this Court.

2. Plaintiff brings this action pursuant to 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (the "FDCPA"), and Fla. Stat. § 559.55 *et seq.*, the Florida Consumer Collection Practices Act ("FCCPA") and 47 U.S.C. § 227 *et seq.*, the Telephone Consumer Protection Act ("TCPA").

## JURISDICTION AND VENUE

3. The Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d), and it is proper for this Court to hear this proceeding pursuant to 28 U.S.C. § 1331, and 28 U.S.C. § 1334.

## PARTIES

4. Plaintiff, Stephen L. Meininger ("Plaintiff" or "Trustee") is the Chapter 7 Trustee of the bankruptcy estate of Kathleen Star Green ("Green" or "Debtor"). Green is a natural person resident in the City of Lakeland, County of Polk, State of Florida, and a "consumer," as that term is defined by 15 U.S.C. § 1692a(3) and Fla. Stat. § 559.55(2), and is a "person" as provided by 47 U.S.C. § 227(b)(1) and under Fla. Stat. § 559.72.

5. Defendant, Viking Collection Services, Inc., an Arizona corporation, together with its collecting agents ("Defendant" or "Viking"), doing business in the State of Florida, and is a "debt collector," as that term is defined by 15 U.S.C § 1692a(6) and Fla. Stat. § 559.55(6), and is a "person" as provided by 47 U.S.C. § 227(b)(1) and under Fla. Stat. § 559.72.

6. All conduct of Defendant alleged herein by Plaintiff was authorized, approved and/or ratified by one or more officers, directors, or managers of Defendant, and/or knew in advance that the Defendant was likely to conduct itself and allowed it to so act with conscious disregard of the rights and safety of others. The conduct alleged herein was despicable, fraudulent, oppressive, and done knowingly with intent, with malice, and without cause.

7. The Defendant's communications set forth below were made only to exhaust the unpaying resisting Debtor's will in an attempt to break the Debtor and have Debtor pay amounts owed long after the Debtor were given all necessary information and persuasion and negotiation failed, as demonstrated by Debtor expressly communicating to the Defendant to stop calling Debtor.

8.     The Defendant's communications set forth below are wholly without excuse.

9.     At all times mentioned herein, the agent(s) or employee(s) of Defendant acted within the course and scope of such agency or employment, and acted with the consent, permission and authorization of Defendant. Each such entity acted as a co-actor in an enterprise to unlawfully attempt to collect debt from Debtor.

<u>**FACTUAL ALLEGATIONS**</u>

10.    Debtor is alleged to owe debts (the "Alleged Debt"), including without limitation, debts listed on Schedule F of the Debtor's bankruptcy schedules bearing account number ending 8466 in the total amount of $28,033.66, which Defendant was attempting to collect from the Debtor prior to Debtor filing bankruptcy.

11.    The Section 341 Meeting of the Creditors (the "341 Hearing") for the pending bankruptcy was held on August 12, 2010.

12.    Defendant made multiple collection calls each day on multiple days in multiple weeks over multiple months from January 1, 2010 through June 30, 2010 (the "Collection Calls") to Debtor attempting to collect the Alleged Debt.

13.    It was the substance of the testimony of the Debtor, <u>sworn</u> <u>and</u> <u>under</u> <u>oath</u> at the 341 Hearing, that:

a) Defendant made five or more Collection Calls to Debtor each day, every day and Defendant rotating calls between Debtors' cell phone and home phone.

b) Defendant made Collection Calls to Debtor's after Debtor told Defendant that Debtor could not pay the Alleged Debt.

c) Defendant made Collection Calls to Debtor after Debtor told Defendant to stop calling Debtor regarding the Alleged Debt.

14.     Defendant (1) made multiple Collection Calls each day on multiple days in multiple weeks over multiple months from January 1, 2010 through June 30, 2010, to Debtor attempting to collect the Alleged Debt; (2) made five or more Collection Calls to Debtor each day, every day and Defendant rotating calls between Debtors' cell phone and home phone, for a total of more than fifty Collection Calls to Debtor's cell phone after Debtor told Defendant to stop calling Debtor's cell phone; (3) made Collection Calls to Debtor after Debtor told Defendant that Debtor could not pay the Alleged Debt; and (4) made Collection Calls to Debtor after Debtor told Defendant to stop calling Debtor regarding the Alleged Debt.

## COUNT I

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA"), 15 U.S.C. § 1692 *et seq.* AS TO DEFENDANT VIKING

15.     This is an action against Defendant for violations of 15 U.S.C. § 1692 *et seq*.

16.     Plaintiff re-alleges and reincorporates paragraphs 1 through 14, as if fully set forth here-in.

17.     Defendant, in the conduct of its business, uses one or more instrumentalities of interstate commerce or the mails, including, without limitation, electronic communication to communicate with Debtor.

18.     The principal business of Defendant is the collection of debts and Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due to another.

19.     The Alleged Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

20.     The Collection Calls are a "communication" as defined by 15 U.S.C. § 1692(a)2.

21.     Section 15 U.S.C. § 1692c(a)(1) provides, in pertinent part:

A debt collector may not communicate with a consumer in connection with the collection of any debt —

> (1) at any unusual time or place or a time or place known or which should be
> known to be inconvenient to the consumer. In the absence of knowledge of
> circumstances to the contrary, a debt collector shall assume that the convenient
> time for communicating with a consumer is after 8 o'clock antemeridian and
> before 9 o'clock postmeridian, local time at the consumer's location.

22.     Defendant violated 15 U.S.C. § 1692c(a)(1) when Defendant (1) made multiple

Collection Calls each day on multiple days in multiple weeks over multiple months from January

1, 2010 through June 30, 2010, to Debtor attempting to collect the Alleged Debt; (2) made five

or more Collection Calls to Debtor each day, every day and Defendant rotating calls between

Debtors' cell phone and home phone, for a total of more than fifty Collection Calls to Debtor's

cell phone after Debtor told Defendant to stop calling Debtor's cell phone; (3) made Collection

Calls to Debtor after Debtor told Defendant that Debtor could not pay the Alleged Debt; and (4)

made Collection Calls to Debtor after Debtor told Defendant to stop calling Debtor regarding the

Alleged Debt; all of which is Defendant communicating with Debtor at an unusual time or place

or at a time or place known or which should be known to be inconvenient to Debtor.

23.     Section 15 U.S.C. § 1692d provides in pertinent part:

> A debt collector may not engage in any conduct the natural consequence of which
> is to harass, oppress, or abuse any person in connection with the collection of a
> debt.

24.     Defendant violated 15 U.S.C. § 1692d when Defendant (1) made multiple

Collection Calls each day on multiple days in multiple weeks over multiple months from January

1, 2010 through June 30, 2010, to Debtor attempting to collect the Alleged Debt; (2) made five

or more Collection Calls to Debtor each day, every day and Defendant rotating calls between

Debtors' cell phone and home phone, for a total of more than fifty Collection Calls to Debtor's

cell phone after Debtor told Defendant to stop calling Debtor's cell phone; (3) made Collection

Calls to Debtor after Debtor told Defendant that Debtor could not pay the Alleged Debt; and (4) made Collection Calls to Debtor after Debtor told Defendant to stop calling Debtor regarding the Alleged Debt; all of which is conduct by Defendant the natural consequence of which is to harass, oppress, or abuse Debtor, including violations of the TCPA, in connection with the collection of the Alleged Debt.

25.     Section 15 U.S.C. § 1692d(5) provides in pertinent part:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

26.     Defendant violated 15 U.S.C. § 1692d(5) when Defendant (1) made multiple Collection Calls each day on multiple days in multiple weeks over multiple months from January 1, 2010 through June 30, 2010, to Debtor attempting to collect the Alleged Debt; (2) made five or more Collection Calls to Debtor each day, every day and Defendant rotating calls between Debtors' cell phone and home phone, for a total of more than fifty Collection Calls to Debtor's cell phone after Debtor told Defendant to stop calling Debtor's cell phone; (3) made Collection Calls to Debtor after Debtor told Defendant that Debtor could not pay the Alleged Debt; and (4) made Collection Calls to Debtor after Debtor told Defendant to stop calling Debtor regarding the Alleged Debt; all of which was Defendant engaging Debtor in telephone conversation repeatedly or continuously and making the phone ring continuously intending to annoy, abuse, or harass Debtors, including violations of the TCPA.

27.     Section 15 U.S.C. § 1692e provides, in pertinent part:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

28.     Defendant violated 15 U.S.C. § 1692e when Defendant (1) made multiple Collection Calls each day on multiple days in multiple weeks over multiple months from January 1, 2010 through June 30, 2010, to Debtor attempting to collect the Alleged Debt; (2) made five or more Collection Calls to Debtor each day, every day and Defendant rotating calls between Debtors' cell phone and home phone, for a total of more than fifty Collection Calls to Debtor's cell phone after Debtor told Defendant to stop calling Debtor's cell phone; (3) made Collection Calls to Debtor after Debtor told Defendant that Debtor could not pay the Alleged Debt; and (4) made Collection Calls to Debtor after Debtor told Defendant to stop calling Debtor regarding the Alleged Debt; all of which was use of false, deceptive, or misleading representation or means by Defendant that Defendant could collect the Alleged Debt by abuse and harassment by violating the FDCPA, FCCPA, and TCPA, and by unfair and deceptive practices in connection with the collections of the Alleged Debt.

29.     Section 15 U.S.C. § 1692e(2)(A) provides, in pertinent part:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

> (2) The false representation of —

> > (A) the character, amount, or legal status of any debt;

30.     Defendant violated 15 U.S.C. § 1692e(2)(A) when Defendant (1) made multiple Collection Calls each day on multiple days in multiple weeks over multiple months from January 1, 2010 through June 30, 2010, to Debtor attempting to collect the Alleged Debt; (2) made five or more Collection Calls to Debtor each day, every day and Defendant rotating calls between

Debtors' cell phone and home phone, for a total of more than fifty Collection Calls to Debtor's cell phone after Debtor told Defendant to stop calling Debtor's cell phone; (3) made Collection Calls to Debtor after Debtor told Defendant that Debtor could not pay the Alleged Debt; and (4) made Collection Calls to Debtor after Debtor told Defendant to stop calling Debtor regarding the Alleged Debt; which is Defendant using false representation of the character, amount, or legal status of the Alleged Debt as a debt that could be collected by abuse and harassment and unfair and deceptive practices, including violating the FCCPA and TCPA, in connection with the collection of the Alleged Debt..

31.     Section 15 U.S.C. § 1692e(5) provides in pertinent part:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

32.     Defendant violated   15 U.S.C. § 1692e(5) when Defendant (1) made multiple Collection Calls each day on multiple days in multiple weeks over multiple months from January 1, 2010 through June 30, 2010, to Debtor attempting to collect the Alleged Debt; (2) made five or more Collection Calls to Debtor each day, every day and Defendant rotating calls between Debtors' cell phone and home phone, for a total of more than fifty Collection Calls to Debtor's cell phone after Debtor told Defendant to stop calling Debtor's cell phone; (3) made Collection Calls to Debtor after Debtor told Defendant that Debtor could not pay the Alleged Debt; and (4) made Collection Calls to Debtor after Debtor told Defendant to stop calling Debtor regarding the Alleged Debt; all of which was Defendant engaging Debtors in telephone conversation

repeatedly or continuously and making the phone ring continuously intending to annoy, abuse, or harass Debtor, including violations of the TCPA.

33.     Section 15 U.S.C. § 1692e(10) provides in pertinent part:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

34.     Defendant violated 15 U.S.C. § 1692e(10) when Defendant (1) made multiple Collection Calls each day on multiple days in multiple weeks over multiple months from January 1, 2010 through June 30, 2010, to Debtor attempting to collect the Alleged Debt; (2) made five or more Collection Calls to Debtor each day, every day and Defendant rotating calls between Debtors' cell phone and home phone, for a total of more than fifty Collection Calls to Debtor's cell phone after Debtor told Defendant to stop calling Debtor's cell phone; (3) made Collection Calls to Debtor after Debtor told Defendant that Debtor could not pay the Alleged Debt; and (4) made Collection Calls to Debtor after Debtor told Defendant to stop calling Debtor regarding the Alleged Debt; which was Defendant's use of false representation or deceptive means to collect or attempt to collect the Alleged Debt by abuse and harassment by violating the FDCPA, FCCPA, and TCPA.

35.     Section 15 U.S.C. § 1692f provides in pertinent part, as follows:
A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt

36.     Defendant violated 15 U.S.C. § 1692f when Defendant (1) made multiple Collection Calls each day on multiple days in multiple weeks over multiple months from January 1, 2010 through June 30, 2010, to Debtor attempting to collect the Alleged Debt; (2) made five

or more Collection Calls to Debtor each day, every day and Defendant rotating calls between Debtors' cell phone and home phone, for a total of more than fifty Collection Calls to Debtor's cell phone after Debtor told Defendant to stop calling Debtor's cell phone; (3) made Collection Calls to Debtor after Debtor told Defendant that Debtor could not pay the Alleged Debt; and (4) made Collection Calls to Debtor after Debtor told Defendant to stop calling Debtor regarding the Alleged Debt; all of which is Defendant using unfair or unconscionable means to collect or attempt to collect the Alleged Debt.

37.     As a result of Defendant's violation of the FDCPA, Debtor has been damaged, including, but not limited to, mental anguish, despair, frustration, embarrassment, nervousness, anger, and loss of the capacity for the enjoyment of life and is entitled to: (a) actual damages pursuant to 15 U.S.C. § 1692k(a)(1); (b) statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A); and (3) reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 1692k(a)(3).

38.     All conditions precedent to this action have occurred, have been satisfied or have been waived.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment in Plaintiff's favor finding that Defendant has violated the FDCPA; awarding Plaintiff actual damages, statutory damages, attorneys' fees and costs, together with any and all such further relief as is deemed necessary or appropriate.

## COUNT II

## VIOLATION OF THE FLORIDA CONSUMER COLLECTIONS PRACTICES ACT ("FCCPA"), FLA. STAT. § 559.55 *et seq.* AS TO DEFENDANT VIKING

39.     This is an action against Defendant for violation of Fla. Stat. § 559.55 *et seq*.

40.     Plaintiff realleges and incorporates paragraphs 1 through 14, as if fully set forth herein.

41.     Defendant is engaged in the business of soliciting consumers for debts and collecting consumer debts and is, therefore, subject to Fla. Stat. §559.55 *et seq*.

42.     Defendant communicated certain information to Debtor as set forth in the above Factual Allegation paragraphs, which constitutes "communication," as defined by Fla. Stat. § 559.55(5).

43.     Fla. Stat. § 559.72(7) provides, in pertinent part:

In collecting consumer debts, no person shall:

(7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

44.     Defendant violated Fla. Stat. § 559.72(7) when Defendant (1) made multiple Collection Calls each day on multiple days in multiple weeks over multiple months from January 1, 2010 through June 30, 2010, to Debtor attempting to collect the Alleged Debt; (2) made five or more Collection Calls to Debtor each day, every day and Defendant rotating calls between Debtors' cell phone and home phone, for a total of more than fifty Collection Calls to Debtor's cell phone after Debtor told Defendant to stop calling Debtor's cell phone; (3) made Collection Calls to Debtor after Debtor told Defendant that Debtor could not pay the Alleged Debt; and (4) made Collection Calls to Debtor after Debtor told Defendant to stop calling Debtor regarding the

Alleged Debt; all of which is a willful communication with the Debtor with such frequency that Defendant could reasonably expect such communication to harass Debtor, or which was a willful engagement by Defendant in other conduct, including violations of the FDCPA and TCPA, which could reasonably be expected to abuse or harass Debtor..

45.     Fla. Stat. § 559.72(9) provides, in pertinent part:

In collecting consumer debts, no person shall:

(9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist.

46.     Defendant violated Fla. Stat. § 559.72(9) when Defendant (1) made multiple Collection Calls each day on multiple days in multiple weeks over multiple months from January 1, 2010 through June 30, 2010, to Debtor attempting to collect the Alleged Debt; (2) made five or more Collection Calls to Debtor each day, every day and Defendant rotating calls between Debtors' cell phone and home phone, for a total of more than fifty Collection Calls to Debtor's cell phone after Debtor told Defendant to stop calling Debtor's cell phone; (3) made Collection Calls to Debtor after Debtor told Defendant that Debtor could not pay the Alleged Debt; and (4) made Collection Calls to Debtor after Debtor told Defendant to stop calling Debtor regarding the Alleged Debt; all of which is an assertion of the existence of the legal right to attempt to collect the Alleged Debt, including violations of the TCPA and FDCPA, and by unfair and deceptive practices, which are rights Defendant knows do not exist, in violation of the FCCPA including Fla. Stat. § 559.72(9).

47.     All conditions precedent to this action have occurred, have been satisfied or have been waived.

48.     As a result of the above violations of the FCCPA, Debtor has been damaged including, but not limited to, mental anguish, despair, frustration, embarrassment, nervousness, anger, and loss of capacity to enjoy life and Defendant is liable to Plaintiff for actual damages, statutory damages, and reasonable attorney's fees and costs pursuant to the FCCPA, Fla. Stat. § 559.77(2).

49.     Based upon the willful, intentional, knowing, malicious, repetitive and continuous conduct of the Defendant as described herein, Plaintiff is also entitled to an award of punitive damages in accordance with Fla. Stat. §§ 559.77 and 768.72.

**WHEREFORE,**  Plaintiff respectfully requests this Court to enter a judgment against the Defendant, finding that the Defendant violated the FCCPA, awarding Plaintiff actual damages, statutory damages, punitive damages, attorneys' fees and costs pursuant to Fla. Stat. § 559.77(2), and awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

**COUNT III**

**VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *et seq.* AS TO DEFENDANT VIKING**

50.     This is an action against Defendant for violations of 47 U.S.C. § 227 *et seq*.

51.     Plaintiff re-alleges and reincorporates paragraphs 1 through 14, as if fully set forth here-in.

52.     Defendant, in the conduct of its business, uses an automatic telephone dialing system as defined by 47 U.S.C. § 227(a)(1)(A) to communicate with Debtor.

53.     Section 47 U.S.C. § 227(b)(1)(A)(iii) provides in pertinent part:

It shall be unlawful for any person within the United States --

(A) to make any call using any automatic telephone system or an artificial or prerecorded voice --

(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

54. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) when Defendant (1) made multiple Collection Calls each day on multiple days in multiple weeks over multiple months from January 1, 2010 through June 30, 2010, to Debtor attempting to collect the Alleged Debt; (2) made five or more Collection Calls to Debtor each day, every day and Defendant rotating calls between Debtors' cell phone and home phone, for a total of more than fifty Collection Calls to Debtor's cell phone after Debtor told Defendant to stop calling Debtor's cell phone; (3) made Collection Calls to Debtor after Debtor told Defendant that Debtor could not pay the Alleged Debt; and (4) made Collection Calls to Debtor after Debtor told Defendant to stop calling Debtor regarding the Alleged Debt; which is Defendant's use of an automatic telephone dialing system to make multiple Collection Calls to Debtor on Debtor's personal cell phone after Debtor told Defendant that Defendant did not have permission to call Debtor.

55. Defendant willfully, knowingly, and intentionally made multiple Collection Calls to Debtor's personal cell phone utilizing an automatic telephone dialing system after Debtor told Defendant that Defendant did not have permission to call Debtor.

56. All conditions precedent to this action have occurred, have been satisfied or have been waived.

57. As a result of the above violation of the TCPA, Defendant is liable to Plaintiff for actual damages, or the amount of $500.00 as damages for each violation, whichever is greater, pursuant to the TCPA, 47 U.S.C. § 227(b)(3)(B).

58.    Based upon the willful, knowingly, and intentional conduct of the Defendant as described herein, Plaintiff is also entitled to an increase in the amount of the award to treble the damages amount available under 47 U.S.C. § 227(b)(3)(B), in accordance with 47 U.S.C. § 227(b)(3).

**WHEREFORE,** Plaintiff respectfully requests this Court to enter a judgment against the Defendant: (1) finding Defendant violated the TCPA; (2) awarding Plaintiff actual damages or the amount of $500.00 in damages for each violation, whichever is greater; (3) finding Defendant willfully, knowingly and intentionally violated 47 U.S.C. § 227 *et seq.* and increasing the damages award to treble the amount of damages otherwise to be entered as a judgment; and (4) awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues so triable. U.S. Const. amend. 7 and Fed. R. Civ. P. 38.

Dated:  March 26, 2012

Respectfully Submitted,

**LASH & WILCOX PL**
4401 W. Kennedy Blvd., Suite 210
Tampa, FL  33609
Phone: 813.289.3200
Facsimile: 813.289.3250

**THOMAS A. LASH, ESQ.**
Florida Bar No. 849944
e-mail: tlash@lashandwilcox.com
Attorney for the Trustee